|   |   |
|---|---|
| IN THE UNITED STATES DISTRICT COURT | |
| FOR THE DISTRICT OF ARIZONA | |

| | |
|---|---|
| Gerald Rohlfs,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>　　　　Defendant. | No. CV-05-3464-PHX-NVW (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on the Court's review of the file. Plaintiff commenced this action on October 28, 2005. (document # 1) On March 22, 2006, the Court ordered service on Defendant Arpaio and ordered Plaintiff to file a completed service packet by April 11, 2006. (document # 3) The Court also directed Plaintiff to immediately notify the Court in writing of any change in his address and warned Plaintiff that failure to do so could result in dismissal of this action. (Id.) Local Rule of Civil Procedure 83.3(d) also requires Plaintiff to immediately notify the Court in writing of any change in address.

On March 27, 2006, the Court received returned mail addressed to Plaintiff marked "undeliverable, released." (document # 5) No alternate address for Plaintiff was found. (Id.) Plaintiff violated the Court's Order and the Local Rules by failing to advise the Court of his new address and by failing to return a completed service packet by the deadline.

In view of the foregoing, the Court ordered Plaintiff to show cause on or before May 3, 2006 why this matter should not be dismissed for failure to comply with Court orders. (document # 6) Plaintiff did not respond to the Court's Order. Rather, on April 21, 2006, the

1 Court again received returned mail addressed to Plaintiff marked "undeliverable, released, no
2 forwarding address." (document # 8)   Plaintiff has not provided the Court with his current
3 address leaving the Court with no means to contact Plaintiff regarding this matter.  In view of
4 Plaintiff's continued failure to advise the Court of his current address in violation of Court
5 orders, this matter should be dismissed.   Carey v. King, 856 F.2d 1439, 1441 (9th Cir.
6 1988)(stating that an order imposing sanctions for plaintiff's failure to advise the court of his
7 address was not warranted before dismissing the case because such an order would only take
8 a round trip through the mail.); Arquelles v. Arpaio, No. CV-05-3426-PHX-SMM, 2006 WL
9 687125 (D.Ariz., March 16, 2006) (adopting Report and Recommendation that § 1983
10 complaint should be dismissed based on plaintiff's failure to advise the court of his address.).

12     In view of the foregoing,
13     IT IS HEREBY RECOMMENDED that this matter be **DISMISSED** without prejudice
14 for failure to comply with Court orders pursuant to FED.R.CIV.P. 41(b).
15     This recommendation is not an order that is immediately appealable to the Ninth Circuit
16 Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of  Appellate
17 Procedure, should not be filed until entry of the District Court's judgment.  The parties shall
18 have ten days from the date of service of a copy of this recommendation within which to file
19 specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e),
20 Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which to file a
21 response to the objections. Failure timely to file objections to the Magistrate Judge's Report and
22 Recommendation may result in the acceptance of the Report and Recommendation by the
23 District Court without further review. *See United States v. Reyna- Tapia*, 328 F.3d 1114, 1121
24 (9th Cir. 2003).
25 / / /
26 / / /
27 / / /
28 / / /

/ / /

Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 15th day of May, 2006.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge